```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    EL DORADO DIVISION

LISA ADAMSON, Individually and as
Special Administratrix of the Estate of
CHARLES ADAMSON, Deceased                              PLAINTIFF

         v.              Civil No. 07-1081

WADLEY HEALTH SYSTEM;
WADLEY REGIONAL MEDICAL CENTER;
WADLEY HEALTH SYSTEM MANAGED
HEALTH CARE EMPLOYEE BENEFIT
PLAN; WEBTPA EMPLOYER SERVICES,
LLC; AMERICAN HEALTH HOLDING, INC.;
and MICHAEL POTTER                                     DEFENDANTS
```

## O R D E R

Now on this 6th day of February, 2009, comes on for consideration plaintiff's **Motion For Award Of Attorneys [sic] Fees** (document #40), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff Lisa Adamson brought suit under the Employee Retirement Income Security Act ("ERISA") to recover benefits due her under the Wadley Health System Managed Health Care Employee Benefit Plan, pursuant to **28 U.S.C. §1132(a)(1)(B)**. She also alleged a violation of the duty to provide requested Plan information under **29 U.S.C. §1132(c)(1)**.

2.   On October 20, 2008, the Court entered an Order in which it reversed the administration decision denying plaintiff benefits; dismissed plaintiff's claims against separate defendants WebTPA Employer Services, LLC, and American Health Holdings, Inc.;

and allowed plaintiff fourteen days in which to file a petition for attorney's fees.

The petition was timely filed, response has been made, and the issue is ripe for decision.

3.   ERISA provides for an award of reasonable attorney's fees and costs, at the Court's discretion, to either party in litigation under the Act.  See **29 U.S.C. §1132(g)(1)**.  Defendants concede that plaintiff is entitled to such an award under the circumstances of this case, and the Court agrees.

4.   Plaintiff seeks an award comprised of $29,936.25 in attorney's fees (133.05 hours of attorney time @ $225.00 per hour); $2,135.00 in paralegal fees (21.35 hours of paralegal time @ $100.00 per hour); and costs in the amount of $970.31, for a total of $33,041.56.

5.   Defendants concede that the requested rates are reasonable, but object to any recovery for time spent in handling plaintiff's claim at the administrative level.  This objection has merit.  In **Parke v. First Reliance Standard Life Insurance Co., 368 F.3d 999 (8th Cir. 2004),** the Court held that "the term 'any action' in 29 U.S.C. § 1132(g)(1) does not extend to pre-litigation administrative proceedings."  For this reason, the Court will deduct from the total amount of the fee claimed the sum of $6,815.00, same being those fees incurred up to the date that plaintiff's attorney received a letter from Michael Potter, the

Plan Administrator, denying plaintiff's final administrative appeal.

6.  Defendants also suggest that a 15% reduction in the fee is appropriate to account for the fact that plaintiff did not prevail as against WebTPA Employer Services, LLC, and American Health Holding, Inc., the defendants who were dismissed, nor on her common law claims for intentional infliction of emotional distress and negligent misrepresentation.  The Court does not believe that any significant amount of time was spent -- by plaintiff, defendants, or the Court -- in addressing these claims, and finds no reduction in the fee award appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Award Of Attoneys [sic] Fees** (document #40) is **granted,** and attorney's fees and costs in the sum of $26,226.56 are hereby awarded to plaintiff, to be paid as part of the judgment entered contemporaneously herewith.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**